# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARL ALPHONSO MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18–cv–0506–DRH |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| DAVID, | ) | |
| SULLIVAN, and | ) | |
| KASEY | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Carl Mack, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks $1,000,000 in compensatory damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff arrived at Shawnee Correctional Center on August 29, 2017 from Stateville Northern Reception Center. (Doc. 1, p. 5). He alleges that he had a valid low bunk permit issued by medical providers at Stateville due to swelling in his feet, a complication from diabetes. *Id*. Security staff informed Plaintiff that

his permit was not valid and that medical staff would have to issue a new one. *Id*. Plaintiff saw defendant Nurse Kasey, who also told him that his low bunk permit was not valid and that he would have to see the doctor at Shawnee to be screened for a low bunk low gallery permit. *Id*. Plaintiff tried to explain to Kasey that he needed the low bunk permit, but she told him there was nothing she could do. *Id*. Plaintiff was assigned to a top bunk and a top gallery. *Id*.

On August 30, 2017, Officer Sullivan called medical and spoke with Nurse Laurel, who re-iterated that Plaintiff did not have a valid permit. (Doc. 1, p. 6). Plaintiff was transferred into general population that day, and again assigned to the top bunk, top gallery. *Id.*

Plaintiff fell out of his bunk on September 1, 2017, injuring his shoulder. *Id*. He was taken to the health care unit and given Motrin for shoulder pain. *Id*. Plaintiff's blood sugar was a low 59 at the time. *Id*. That same day, medical determined that his low bunk low gallery permit was valid and ordered him moved. *Id*. Plaintiff is still experiencing shoulder pain.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1** – Nurse Kasey was deliberately indifferent to Plaintiff's diabetes when she refused honor his low bunk/low gallery permit and order security staff to place Plaintiff in a low bunk/low gallery assignment in violation of the Eighth Amendment.

As to Plaintiff's **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

At the pleading stages, the Court presumes that Plaintiff's diabetes and the accompanying swelling of his feet constitutes a serious medical need. Plaintiff has alleged that Kasey was aware that Plaintiff had difficulty navigating to the top bunk as a result of his condition, but refused to take any action to secure him a low bunk/low gallery permit. If Kasey was aware that Plaintiff needed such a permit to successfully manage his condition, then the refusal to issue such a

permit could constitute deliberate indifference. Therefore **Count 1** shall be permitted to proceed against Kasey.

However, Plaintiff's claims against all other defendants are problematic. As an initial matter, Plaintiff's statement of claim refers to individuals not listed in the case caption or in the list of defendants. For example, Plaintiff refers to several John Does (security staff members) throughout his statement of claim, but has not listed any John Doe defendant or otherwise unknown defendant among the list of defendants. He also refers to a Nurse Laurel and a Nurse Rebecca. Plaintiff cannot state claims against individuals not listed in the case caption, and so the Court has not construed any claims against those described solely in the statement of claim. Fed. R. Civ. P. 10. *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Plaintiff should file an amended complaint, correctly listing all individuals that he believes he has claims against in the case caption, even if their names are unknown, if he wishes to bring claims against those individuals.

Plaintiff has the opposite problem as to other defendants—he has listed Dr. David and Wexford Health Sources as defendants, but not included any claims against them in his statement of claim. The Court is therefore unable to ascertain what claims, if any, Plaintiff has against those defendants.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S.

519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants David or Wexford elsewhere in his Complaint, he has not adequately stated claims against them, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants David and Wexford will be dismissed from this action without prejudice.

Finally, Plaintiff has properly listed Officer Sullivan as a Defendant in this action, but his claim against Sullivan fails. Plaintiff alleges that he told Sullivan he had a medical permit, and that Sullivan called medical and was told by Nurse

Laurel that Plaintiff had no permit. This is not deliberate indifference. *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017) (prison guard who was not responsible for bunk assignments was not liable on prisoner's claim that his low bunk permit was not being followed). Sullivan is entitled to rely on medical staff's representation of Plaintiff's current medical permits and treatments. *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008). When faced with Plaintiff's claim that he had a serious medical need, Sullivan did not fail to take action. He called and checked the status of Plaintiff's permit. Plaintiff alleges that Sullivan was told he did not have a permit. Sullivan was entitled to rely on that representation. Plaintiff's deliberate indifference claim against Sullivan will be dismissed without prejudice for failure to state a claim.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be referred to a United States Magistrate Judge for disposition. (Doc. 3).

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Defendant Kasey. Defendants Wexford, David, and Sullivan are **DISMISSED** from this action **without prejudice** for failure to state a claim upon which relief can be granted.

The Clerk of Court shall prepare for Defendant Kasey: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a

copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has

been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.10 16:58:33
-05'00'

_____
**U.S. District Judge**